J. S18032/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
DOMENIC TREVON GREEN, : No. 1505 WDA 2017
:
Appellant :


Appeal from the PCRA Order, September 14, 2017,
in the Court of Common Pleas of Allegheny County
Criminal Division at Nos. CP-02-CR-0005752-2015,
CP-02-CR-0013225-2014


BEFORE: STABILE, J., MUSMANNO, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED JUNE 1, 2018**

Domenic Trevon Green appeals from the September 14, 2017 order filed in the Court of Common Pleas of Allegheny County that dismissed his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

The PCRA court set forth the following:

> [Appellant] was originally charged at CC 201413225 with a Violation of the Uniform Firearms Act: Persons Not to Possess a Firearm[,Footnote 1] Receiving Stolen Property,[Footnote 2] a Violation of the Uniform Firearms Act: Carrying a Firearm without a License[,Footnote 3] and three (3) counts of Recklessly Endangering Another Person.[Footnote 4] [Appellant] filed a Pre-Trial Motion to Sever the Persons Not to Possess charge, which this Court granted and thereafter listed the charge at a new number, CC 201505752. Following a jury trial held before this Court on May 11-12,

2015 on the Persons Not to Possess charge only, [appellant] was convicted of the charge. The remaining charges at the original information were nolle prossed by the Commonwealth. [Appellant] next appeared before this Court on August 10, 2015 and was sentenced to a term of imprisonment of five (5) to 10 years. Timely Post-Sentence Motions were filed and were denied on August 27, 2015. The judgment of sentence was affirmed by the Superior Court on September 12, 2016.

[Footnote 1] 18 Pa.C.S.A. § 6105(a)(1)[.]

[Footnote 2] 18 Pa.C.S.A. § 3925(a)[.]

[Footnote 3] 18 Pa.C.S.A. § 6016(a)(1)[.]

[Footnote 4] 18 Pa.C.S.A. § 2705 – 3 counts.

No further action was taken until December 15, 2016, when [appellant] filed a pro se Petition pursuant to the [PCRA]. Suzanne Swan, Esquire, was appointed to represent [appellant] and an Amended Petition was subsequently filed on April 24, 2017. After reviewing the Amended Petition, the Commonwealth's Response thereto and the record in its entirety and giving the appropriate notice of its intent to do so,[1] this Court dismissed the Amended Petition without a hearing on September 14, 2017. This appeal followed.

Briefly, the evidence presented at trial established that on August 2, 2014, Alexis Markey, her infant daughter, [appellant,] and several others were hanging out at her residence at the Cambridge Square Apartments in Monroeville. At some point, the gathering moved out to the parking lot and when everyone was getting into Markey's vehicle, [appellant] got into an altercation with the others

---

[1] On August 23, 2017, the PCRA court cancelled the scheduled hearing and indicated its intent to dismiss the PCRA petition without a hearing. Appellant did not respond within the allotted time to the intent to dismiss.

over who got to sit in the front passenger seat. He then pulled out a gun and threatened to "shoot the car up." (Trial Transcript, p. 85). Monroeville Police Officers arrived on the scene shortly thereafter, having been summoned by an anonymous caller to 911 who described [appellant] and the vehicle. Once all of the individuals had been removed from the car, Officer Brad Martin looked in the car and saw a firearm protruding from below the back of the front passenger seat, where [appellant] had been sitting. Alexis Markey and Patricia Kurn both gave statements to the Police indicating that the gun found belonged to [appellant].

Trial court opinion, 1/16/18 at 1-3.

On October 16, 2017, appellant filed a notice of appeal. On October 17, 2017, the PCRA court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On November 14, 2017, appellant complied with the order. The trial court filed its Pa.R.A.P. 1925(a) opinion on January 16, 2018.

Appellant raises the following issue for this court's review:

Did the [PCRA] court abuse its discretion in denying the PCRA petition insofar as [appellant] established the merits of the claim that [appellant] was denied the effective assistance of trial counsel who advised him not to testify on his own behalf, where counsel's advice was so unreasonable as to vitiate [appellant's] knowing and intelligent decision not to testify?

Appellant's brief at 4 (capitalization omitted).[2]

---

[2] Appellant also raises the issue that his claims for relief are properly cognizable under the PCRA. Initially, appellant contends that he is eligible for relief under the PCRA because his petition was timely filed; the issue he raises here was not previously litigated, and the issue was not waived. While that is true, it does not mean necessarily that he will prevail.

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa.Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." *Commonwealth v. Hickman*, 799 A.2d 136, 140 (Pa.Super. 2002) (citation omitted).

Where the PCRA court has dismissed a petitioner's petition without an evidentiary hearing, as was the case here, we review the PCRA court's decision for an abuse of discretion. *See Commonwealth v. Roney*, 79 A.3d 595, 604 (Pa. 2013), *cert. denied*, 135 S.Ct. 56 (2014) (citation omitted). Moreover,

> the right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

***Commonwealth v. Wah***, 42 A.3d 335, 338 (Pa.Super. 2012) (internal citations omitted).

To prevail on a claim of ineffective assistance of counsel under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). Specifically, a petitioner must first establish that "the underlying claim has arguable merit; second, that counsel had no reasonable basis for his action or inaction; and third, that Appellant was prejudiced." ***Commonwealth v. Charleston***, 94 A.3d 1012, 1020 (Pa.Super. 2014), ***appeal denied***, 104 A.3d 523 (Pa. 2014) (citation omitted). "[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." ***Commonwealth v. Ousley***, 21 A.3d 1238, 1242 (Pa.Super. 2011), ***appeal denied***, 30 A.3d 487 (Pa. 2011) (citation omitted). Additionally, we note that "counsel cannot be held ineffective for failing to pursue a meritless claim[.]" ***Commonwealth v. Hall***, 867 A.2d 619, 632 (Pa.Super. 2005), ***appeal denied***, 895 A.2d 549 (Pa. 2006).

Appellant contends that the trial court abused its discretion when it denied the PCRA petition where appellant established the merits of the claim that he was denied effective assistance of trial counsel who advised him not to testify on his own behalf because he would be impeached with his prior

conviction for robbery. However, because his robbery conviction was admitted for purposes of proving the offense charged, appellant asserts that trial counsel's advice was so unreasonable as to vitiate appellant's knowing and intelligent decision not to testify.

> In order to succeed on a claim that counsel was ineffective for failing to put [a defendant] on the stand, [an] appellant must prove either: (1) that counsel interfered with the defendant's right to testify, or (2) that counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision to testify on his own behalf.

*Commonwealth v. Lawson*, 762 A.2d 753, 755 (Pa. Super. 2000) (internal citation and quotation marks omitted). Additionally, "It is well settled that a defendant who made a knowing, voluntary, intelligent waiver of testimony may not later claim ineffective assistance of counsel for failure to testify." *Id.* (citations omitted).

At trial, the trial court questioned appellant concerning his decision not to testify:

> THE COURT: [Appellant], you have the right to testify. Do you understand that?
>
> [Appellant]: Yes, ma'am.
>
> THE COURT: And I understand that you are waiving your right to testify?
>
> [Appellant]: Yes, ma'am.
>
> THE COURT: And have you discussed this with your attorney?
>
> [Appellant]: Yes, ma'am.

> THE COURT: Has anybody promised you or threatened you in any way that may have influenced your decision?
>
> [Appellant]: No, ma'am.
>
> THE COURT: I'm going to accept the waiver.

Notes of testimony, 5/11/15 at 120.

As appellant made a knowing, voluntary, intelligent waiver of testimony at trial during the colloquy, he cannot now claim that counsel was ineffective because he did not testify.

Additionally, we agree with the trial court's further analysis:

> Moreover, [appellant's] argument also fails to consider the **crimen falsi** nature of the prior robbery conviction. Although the jury was already aware, through the Commonwealth's introduction of the conviction, that [appellant] has a prior criminal history, [appellant] could also have been impeached pursuant to Rule 609 of the Pennsylvania Rules of Evidence given the **crimen falsi** nature of the robbery conviction. Thus, despite knowing that [appellant] was already a criminal, the jury would have also questioned his honesty in all aspects of his testimony. To this end, counsel's advice was most certainly, under any interpretation, reasonable.
>
> Further, [appellant] makes no averment how his testimony would have resulted in a different verdict. The evidence presented at trial established that the gun was found under the seat where [appellant] was sitting, and two (2) witnesses testified that the gun belonged to [appellant]. The evidence was straightforward and overwhelming. Absent any indication how [appellant's] testimony, impeached with **crimen falsi**, would have resulted in a different verdict, [appellant] has failed to establish the prejudice prong of the ineffectiveness test.

Trial court opinion, 1/16/18 at 5 (citation to record omitted).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/1/2018